**CYBERCHRON CORPORATION, Appellant,**

v.

**The UNITED STATES, Appellee.**

**No. 88–1466.**

United States Court of Appeals, Federal Circuit.

Feb. 15, 1989.

L. James D'Agostino, D'Agostino and Associates, P.C., of Vienna, Va., argued, for appellant. With him on the brief, was Mary M. Jolma.

John S. Groat, Dept. of Justice, Washington, D.C., argued, for appellee. John R. Bolton, Asst. Atty. Gen., David M. Cohen, Director, M. Susan Burnett, Asst. Director and Joseph A. Kijewski, Dept. of Justice, Washington, D.C., were on the brief, for appellee. Also on the brief, was Joseph Duenas, Office of Gen. Counsel, U.S. Dept. of the Navy, of counsel.

Before FRIEDMAN and RICH, Circuit Judges, and BENNETT, Senior Circuit Judge.

FRIEDMAN, Circuit Judge.

This is an appeal from an order of the General Services Administration Board of Contract Appeals (Board) that denied, for lack of jurisdiction, a contractor's protest to the award of a Navy contract for the procurement of automatic data processing equipment (ADPE). We affirm.

## I

A. Under the Brooks Act, 40 U.S.C. § 759 (1982), the Administrator of the General Services Administration is

authorized and directed to coordinate and provide for the economic and efficient purchase, lease, and maintenance of automatic data processing equipment by Federal agencies.

40 U.S.C. § 759(a)(1) (Supp. IV 1986). The Act provides that "the board of contract appeals of the General Services Administration, shall review any decision by a contracting officer alleged to violate a statute or regulation." 40 U.S.C. § 759(f)(1). This paragraph further states:

The authority of the board to conduct such a review shall include the authority to determine whether any procurement is subject to this section[.]

*Id.*

The so-called Warner Amendment makes the Brooks Act inapplicable to "the procurement by the Department of Defense of automatic data processing equipment or services if"

the function, operation, or use of which—

. . . .

(iv) involves equipment which is an integral part of a weapon or weapons system;

. . . .

provided that this exclusion shall not include automatic data processing equipment used for routine administrative and business applications such as payroll, finance, logistics, and personnel management[.]

40 U.S.C. § 759(a)(3)(C).

B. In January 1987, the United States Navy solicited competitive bids for data processing equipment. The appellant Cyberchron Corporation (Cyberchron) was an unsuccessful bidder; the contract was awarded to Rugged Digital Systems, Inc. Cyberchron states that it unsuccessfully sought to obtain information from the Navy concerning Rugged Digital's technical submission.

Cyberchron then filed with the Board a protest which contended, the Board stated, that Cyberchron "has recently learned of a modification in the equipment specification of this contract. Protester claims that the modification constitutes a cardinal change and that respondent is, therefore, allowing the successful awardee to proceed with a new sole source contract without full and open competition." *Cyberchron Corp.*, GSBCA No. 9445–P, slip op. at 1 (April 26, 1988, GSBCA) [1988 WL 52314].

The Navy moved to dismiss the protest for lack of jurisdiction, and the Board granted the motion. The Board stated that a classified affidavit of the project director established that all of the ADPE units to be purchased were "to be used" as an integral part of a weapon or weapons system within subparagraph (iv) of the Warner Amendment. The Board therefore "conclude[d] that the procurement which is the subject of this protest is not subject to the Brooks Act. Therefore the Board lacks jurisdiction over the protest." *Id.* at 4.

## II

Cyberchron does not challenge the Board's determination that the Navy will use the ADPE involved in this procurement for the purpose specified in subparagraph (iv) of the Warner Amendment, *i.e.,* that it is "equipment which is an integral part of a weapon or weapons system." As the Board correctly held, that determination marked the end of the Board's jurisdictional inquiry.

The Board has no jurisdiction over cases involving military procurement of ADPE that the Warner Amendment covers. Since under the Board's finding, which is not here challenged and which we accept, the Warner Amendment covers this procurement, the Board correctly held that it had no jurisdiction over the protest to the procurement.

Cyberchron's principal contention is that, before even initiating an ADPE procurement, the Department of Defense first must determine whether the Warner Amendment covers the procurement. According to Cyberchron, if the Defense Department fails to make that preliminary determination, the Board subsequently cannot determine on the basis of evidence submitted to it that the Warner Amendment covered the procurement.

Nothing in the language of the Warner Amendment imposes, or even suggests, that requirement for the Department of Defense. For the Amendment to apply, the only requirement is that the ADPE be within one of its five specified categories. Moreover, the imposition of that require-

ment would be contrary to the provision in the Brooks Act that the Board's authority to review ADPE procurement includes "the authority to determine whether any procurement is subject to" the Act. The fact that the ADPE here involved may have nonmilitary uses has, as the Board stated, "little relevance to the issue of whether the particular piece of equipment involves any one of the five exemptions mentioned in the statute." *Id.*

Cyberchron also argues that in enacting the Warner Amendment, Congress relied upon assurances by the Department of Defense that ADPE acquisitions not directly related to military activities or intelligence gathering would be through normal procurement channels. This "assurance" is reflected in the proviso excluding from the Warner Amendment ADPE "used for routine administrative and business applications." The ADPE here involved, however, is within the scope of the Warner Amendment because it was to be used in a weapon or weapons systems.

The order of the Board dismissing the protest for lack of jurisdiction is

AFFIRMED.